**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE GARY S. KATZMANN**

| | |
|---|---|
| THE GREENBRIER COMPANIES, INC.; GREENBRIER CENTRAL, LLC; GREENBRIER-CONCARRIL, LLC; GREENBRIER LEASING COMPANY LLC; GREENBRIER-GIMSA, LLC; GUNDERSON-GIMSA S.A. DE C.V.; and GUNDERSON-CONCARRIL S. DE R.L. DE C.V.,<br>Plaintiffs,<br>v.<br>UNITED STATES,<br>Defendant,<br>COALITION OF FREIGHT COUPLER PRODUCERS,<br>Defendant-Intervenor. | Court No. 26-04550-GSK |

**ORDER**

Upon consideration of Plaintiffs' ("Plaintiffs" or "Greenbrier") Unopposed Motion for a Preliminary Injunction to enjoin liquidation of certain entries, and other papers and proceedings herein, it is hereby:

**ORDERED** that Plaintiffs' Unopposed Motion for a Preliminary Injunction is **GRANTED**; and it is further

**ORDERED** that the Defendant, United States, together with its delegates, officers, agents, and servants, including employees of the U.S. Customs and Border Protection ("CBP"), shall be, and are hereby **ENJOINED**, pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings, from liquidating, ordering the liquidation of, or causing liquidation of unliquidated entries of certain freight rail couplers and parts thereof from

Mexico and the People's Republic of China, including such couplers and parts mounted on or attached to freight railcars, that:

(1) were subject to CBP's Enforce and Protect Act ("EAPA") investigation in case number 8183, Enforcement Operations Division, Trade Remedy & Law Enforcement Directorate, Office of Trade, re: Notice of Determination as to Evasion – EAPA Case Number 8183 (May 18, 2026) ("TRLED Determination"), and the subsequent *de novo* Administrative Review Determination in EAPA Case No. 8183, HQ H361930, Office of Trade, Regulations & Rulings (Sept. 25, 2026) ("Sept. 25, 2026 RR Final Decision");

(2) were imported by Plaintiffs under the name The Greenbrier Companies, Inc. and its subsidiaries Greenbrier Central, LLC; Greenbrier-Concarril, LLC; Greenbrier Leasing Company LLC; Greenbrier-GIMSA, LLC; Gunderson-GIMSA S.A. de C.V.; and Gunderson-Concarril S. de R.L. de C.V. (collectively "Greenbrier");

(3) were entered, or withdrawn from warehouse, for consumption on or after April 24, 2024, up to and including May 18, 2026;

(4) remain unliquidated as of 5:00 p.m. on the day the Court enters the order enjoining liquidation on the docket of this action; and it is further

**ORDERED** that this injunction shall dissolve upon entry of a final court decision in this litigation, including all appeals and remand proceedings, and that the entries covered by this injunction shall be liquidated in accordance with that final decision; and it is further

**ORDERED** that any entries inadvertently liquidated by U.S. Customs and Border Protection after this order is signed shall be returned to unliquidated status and suspended in accordance with this injunction.

**SO ORDERED**.

______________________________
Gary S. Katzmann, Judge

Dated: ________________, 2026
New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE GARY S. KATZMANN**

| | |
|---|---|
| THE GREENBRIER COMPANIES, INC.; GREENBRIER CENTRAL, LLC; GREENBRIER-CONCARRIL, LLC; GREENBRIER LEASING COMPANY LLC; GREENBRIER-GIMSA, LLC; GUNDERSON-GIMSA S.A. DE C.V.; and GUNDERSON-CONCARRIL S. DE R.L. DE C.V.,<br>Plaintiffs,<br>v.<br>UNITED STATES,<br>Defendant,<br>COALITION OF FREIGHT COUPLER PRODUCERS,<br>Defendant-Intervenor. | Court No. 26-04550-GSK |

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Rules 7, 56.2(a), and 65(a) of the United States Court of International Trade ("USCIT"), Plaintiffs The Greenbrier Companies, Inc.; Greenbrier Central, LLC; Greenbrier-Concarril, LLC; Greenbrier Leasing Company LLC; Greenbrier-GIMSA, LLC; Gunderson-GIMSA S.A. de C.V.; and Gunderson-Concarril S. de R.L. de C.V. (collectively, "Plaintiffs" or "Greenbrier"), by and through their attorneys, respectfully move this Court to preliminarily enjoin the Defendant, the United States, together with its delegates, officers, agents, servants, and employees of the United States Customs and Border Protection ("CBP"), pending a final and conclusive court decision in this litigation, from causing or permitting liquidation of unliquidated

entries of certain freight rail couplers and parts thereof from Mexico and the People's Republic of China, including such couplers and parts mounted on or attached to freight railcars, that:

(1) were subject to CBP's Enforce and Protect Act ("EAPA") investigation in case number 8183, Enforcement Operations Division, Trade Remedy & Law Enforcement Directorate, Office of Trade, re: Notice of Determination as to Evasion – EAPA Case Number 8183 (May 18, 2026) ("TRLED Determination"), and the subsequent de novo Administrative Review Determination in EAPA Case No. 8183, HQ H361930, Office of Trade, Regulations & Rulings (Sept. 25, 2026) ("Sept. 25, 2026 RR Final Decision"). The TRLED Determination and the RR Final Decision are jointly referred to as CBP's EAPA decision;

(2) were imported by Plaintiffs;

(3) were entered, or withdrawn from warehouse, for consumption on or after July 14, 2023; and

(4) remain unliquidated as of 5:00 p.m. on the day the Court enters the order enjoining liquidation on the docket of this action (hereinafter, "Subject Entries").

This Court has the authority to issue the requested preliminary injunction under 28 U.S.C. § 1585. Plaintiffs' motion is timely, per USCIT Rule 56.2(a), because it is being filed within 30 days of service of the Complaint, *i.e.,* October 15, 2026. Plaintiffs' motion also satisfies the Court's consent requirement outlined under USCIT Rule 7(b) and (f), as indicated below.

For the reasons provided below, the Court should enjoin liquidation of the Subject Entries because: (1) Plaintiffs will suffer irreparable and immediate injury without an injunction; (2) Plaintiffs will likely succeed on the merits; (3) the public interest will be best served by granting the injunction; and (4) the balance of hardships favors Plaintiffs. *See U.S. Ass'n of Imps. of Textiles*

*& Apparel v. United States*, 413 F.3d 1344, 1346 (Fed. Cir. 2005); *Matsushita Elec. Indus. Co. v. United States*, 823 F.2d 505, 509 (Fed. Cir. 1987) (citing *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983)). Further, Plaintiffs request that this injunction remain in effect pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings. Plaintiffs also request that any entries inadvertently liquidated by CBP after this order is signed be returned to unliquidated status and suspended in accordance with this injunction.

**PROCEDURAL BACKGROUND**

This action is an appeal from CBP's final affirmative determination of evasion of the antidumping ("AD") and countervailing duty ("CVD") orders, A-201-857, A-570-145, and C-570-146, covering certain freight rail couplers and parts thereof from Mexico and the People's Republic of China ("China"),[1] conducted pursuant to section 517 of the Tariff Act of 1930, as amended by the Trade Facilitation and Trade Enforcement Act of 2015 ("EAPA"). *See generally* TRLED Determination; Sept. 25, 2026 RR Final Decision (jointly referred to as EAPA decision); 19 U.S.C. § 1517. The underlying CBP investigation is identified by "EAPA Case No. 8183."

Greenbrier manufactures freight railcars in the United States and Mexico. Greenbrier participated in the EAPA investigation, including responding to requests for information, submitting factual information and written arguments, undergoing verification, and filing a request for administrative review with CBP's Office of Trade, Regulations & Rulings. Greenbrier is an interested party within the meaning of 19 U.S.C. § 1517(a)(6). Greenbrier is "a person determined

[1] *See* Certain Freight Rail Couplers and Parts Thereof From the People's Republic of China: Antidumping Duty Order, 88 Fed. Reg. 45,138 (Dep't Commerce July 14, 2023); Certain Freight Rail Couplers and Parts Thereof From the People's Republic of China: Countervailing Duty Order, 88 Fed. Reg. 45,135 (Dep't Commerce July 14, 2023); Certain Freight Rail Couplers and Parts Thereof From Mexico: Antidumping Duty Order, 88 Fed. Reg. 78,308 (Dep't Commerce Nov. 15, 2023) ("AD/CVD Orders").

to have entered such covered merchandise through evasion" and is thereby permitted to "seek judicial review of the {EAPA} determination . . . in the United States Court of International Trade . . . ." 19 U.S.C. § 1517(g)(1).

On October 15, 2026, Plaintiffs timely filed their Summons and Complaint challenging CBP's May 18, 2026 and September 25, 2026 decisions. *See* Summons (Oct. 15, 2026), ECF No. 1; Compl. (Oct. 15, 2026), ECF No. 6; *see also* 19 U.S.C. § 1517(g) (providing parties 30 business days to seek judicial review).

## DISCUSSION

## I. LEGAL STANDARD

This Court will grant a motion for a preliminary injunction upon a showing that: (1) without the requested relief, the movant will be irreparably and immediately injured; (2) the movant is likely to succeed on the merits; (3) granting the movant's requested injunction will be in the public interest; and (4) the balance of hardships favors the movant. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *U.S. Ass'n of Imps. of Textiles & Apparel,* 413 F.3d at 1346; *American Signature, Inc. v. United States*, 598 F.3d 816, 823 (Fed. Cir. 2010); *Zenith Radio*, 710 F.2d at 810. Plaintiffs satisfy each prong of the preliminary injunction standard.

### A. PLAINTIFFS WILL BE IRREPARABLY AND IMMEDIATELY INJURED IF AN INJUNCTION IS NOT GRANTED

Plaintiffs will be immediately and irreparably harmed unless this preliminary injunction is granted. Courts have previously held that the prospect of mootness due to the liquidation of entries constitutes grounds for finding immediate and irreparable harm in the absence of an injunction. *See Nucor Corp. v. United States*, 29 CIT 1452, 1461, 412 F. Supp. 2d 1341, 1349 (2005); *see also Canadian Wheat Bd. v. United States*, 491 F. Supp. 2d 1234, 1236 (Ct. Int'l Trade 2007).

Liquidating the Subject Entries prior to the resolution of this proceeding could render Plaintiffs' claims moot if it eliminates Plaintiffs' only available remedy in an action contesting the results of an agency's determination. *See Zenith Radio*, 710 F.2d at 810. Indeed, preliminary injunctions are issued "almost reflexively" in proceedings of this nature to avoid depriving a party of the opportunity for meaningful judicial review. *See Nucor Corp.*, 412 F. Supp. 2d at 1348; *see also Qingdao Taifa Grp. Co. v. United States*, 581 F.3d 1375, 1378 (Fed. Cir. 2009) ("It has long been established that liquidation of entries after a final determination of duties for a particular period, before the merits can be litigated, is sufficient harm.") (citing *Qingdao Taifa Group Co. Ltd. V United States*, 32 CIT 1169, 1170 (2008) (citing Zenith *Radio*, 710 F.2d at 810)).

In this action, Plaintiffs challenge CBP's final affirmative determination of evasion of the AD and CVD orders. *See* TRLED Determination; Sept. 25, 2026 RR Final Decision; 19 U.S.C. § 1517. Without the Court's intervention, the liquidation of some or all of the Subject Entries based on the administrative decisions contested herein would deprive Plaintiffs of their statutory right to judicial review under 19 U.S.C. § 1517(g).

**B. PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS**

Plaintiffs are likely to succeed on the merits of their case-in-chief. This Court has recognized that a showing of irreparable harm lowers the movant's burden in demonstrating its success on the merits and considers the burden met if the movant raises "questions which are 'serious, substantial, difficult and doubtful.'" *Timken Co. v. United States*, 569 F. Supp. 65, 70-71 (Ct. Int'l Trade 1983); *see also Qingdao Taifa Grp.*, 581 F.3d at 1378-79 ("A request for a preliminary injunction is evaluated in accordance with a 'sliding scale' approach: the more the balance of irreparable harm inclines in the plaintiff's favor, the smaller the likelihood of prevailing

on the merits he need show in order to get the injunction.") (quoting *Kowalski v. Chi. Tribune Co.*, 854 F.2d 168, 170 (7th Cir. 1988)).

Plaintiffs' Complaint raises questions of law and fact with respect to CBP's EAPA investigation and administrative review. Such issues include: whether CBP exceeded its lawful authority and acted contrary to the Harmonized Tariff Schedule of the United States, the regulations governing entry, and binding statements by the U.S. Department of Commerce providing that couplers attached to North American freight railcars exempt from entry are not subject to AD/CVD duties; whether Greenbrier's railcars and their attached couplers are exempt from entry and duties as instruments of international traffic or as freight cars on which no duty is owed under 19 C.F.R. § 141.4(b)(3) and (b)(4); whether CBP's determination is an unreasonable and unexplained departure from decades of existing policy and practice, including the 2000 Customs Directive and Commerce's 2023 scope memoranda; whether CBP's retroactive imposition of duties without notice-and-comment under 19 U.S.C. § 1625(c) violates due process and the requirement of fair notice; whether CBP may find evasion and require the recovery of duties for railcars that were not, and under then-existing procedures could not be, formally entered; and whether CBP was required to refer scope questions to Commerce under 19 C.F.R. § 165.16, among other issues. Plaintiffs' USCIT R. 56.2 briefing will address and further support each of the grounds raised in the Complaint. Plaintiffs have, therefore, satisfied the requirements of the success on the merits prong.

### C. GRANTING PLAINTIFFS' REQUESTED INJUNCTION WILL BE IN THE PUBLIC INTEREST

Case law firmly establishes that ensuring accurate assessment of antidumping duties and effective enforcement of trade laws is in the public interest. *See, e.g., PPG Industries, Inc. v. United*

*States*, 11 CIT 5, 10 (1987); *Smith-Corona Grp. Consumer Prods. Div. v. United States*, 507 F. Supp. 1015, 1023 (Ct. Int'l Trade 1980), *aff'd*, 713 F.2d 1568 (Fed. Cir. 1983). This Court also recognizes that granting preliminary injunctions serves the public interest by "maintain{ing} the status quo of the unliquidated entries until a final resolution {on} the merits {is issued}." *SKF U.S.A. Inc. v. United States*, 316 F. Supp. 2d 1322, 1329 (Ct. Int'l Trade 2004). Accurate assessment of antidumping and countervailing duties and fair enforcement of existing antidumping and countervailing duty laws is a primary tenet of the EAPA law. *See* 19 U.S.C. § 1517. Here, the public interest is best served by granting the preliminary injunction to ensure that any antidumping and countervailing duties assessed on Greenbrier's entries are accurate. Plaintiffs have, therefore, satisfied the requirements of the public interest prong.

### D. THE BALANCE OF HARDSHIPS FAVORS THE PLAINTIFFS

The balance of hardships in the present action favors granting Plaintiffs' motion for a preliminary injunction. The hardship inquiry requires the Court to determine which party will be most adversely affected by its decision to grant or deny a preliminary injunction motion. *See Ugine-Savoie Imphy v. United States*, 121 F. Supp. 2d 684, 688-89 (Ct. Int'l Trade 2000); *Kwo Lee, Inc. v. United States*, 24 F. Supp. 3d 1322, 1331-32 (Ct. Int'l Trade 2014); *Canadian Wheat Bd.*, 491 F. Supp. 2d at 1247. Without the issuance of a preliminary injunction, Plaintiffs will be deprived of their right to meaningful judicial review and this Court will be stripped of its jurisdiction over the present action. By contrast, a delay in liquidation will, at most, constitute an "inconvenience" to Defendant. *See Timken*, 569 F. Supp. at 70-71. Therefore, because Plaintiffs will be irreparably and immediately harmed should the Court deny their motion, the balance of hardships clearly falls in Plaintiffs' favor.

## II. CONSENT OF THE OTHER PARTIES

Pursuant to USCIT Rule 7(b) and (f), J. Michael Taylor, counsel for Plaintiffs, contacted counsel for the Defendant United States, Sosun Bae, who on November 16, 2026, indicated that Defendant consents only to the exact terms of the proposed order, pursuant to the framework established in *Qingdao Taifa Grp.*, 581 F.3d at 1378-82. Therefore, without conceding any likelihood of Plaintiffs' success on the merits and notwithstanding the USCIT Rule 65(a) factors for issuance of ordinary injunctions, Defendant consents to Plaintiffs' injunction.

Pursuant to USCIT Rule 7(b) and (f), J. Michael Taylor, counsel for Plaintiffs, contacted counsel for the Defendant-Intervenor Coalition of Freight Coupler Producers, Daniel Pickard, who on November 16, 2026, indicated that the Coalition defers to the Defendant's position on this motion.

## III. REQUEST FOR RELIEF

For the reasons provided above, Plaintiffs respectfully request that the Court grant their unopposed motion for a preliminary injunction enjoining liquidation of the relevant entries pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings.

Dated: November 16, 2026

Respectfully submitted,

/s/ *Patrick J. Togni*
J. Michael Taylor
Ashley C. Parrish
Patrick J. Togni
Daniel L. Schneiderman
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
(202) 737-0500

*Counsel for The Greenbrier Companies, Inc. and its subsidiaries Greenbrier Central, LLC; Greenbrier-Concarril, LLC; Greenbrier Leasing Company LLC; Greenbrier-GIMSA, LLC; Gunderson-GIMSA S.A. de C.V.; and Gunderson-Concarril S. de R.L. de C.V.*